Citation Nr: 1339293 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 11-15 089A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUES

1. Entitlement to an initial compensable evaluation for onychomycosis and post-inflammatory hyperpigmentation consistent with history of tinea of the feet and groin (claimed as "jungle rot").

2. Entitlement to a higher initial evaluation for posttraumatic stress disorder (PTSD), currently assigned a 30 percent evaluation.

3. Entitlement to a higher initial evaluation for bilateral hearing loss, assigned a noncompensable rating prior to November 5, 2012, and a 20 percent rating effective that date. 

4. Entitlement to service connection for a facial skin condition, to include pseudofolliculitis barbae.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

K. Hudson, Counsel


INTRODUCTION

The Veteran had active service from December 1969 to November 1973.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a regional office (RO) rating decision of August 2010, which granted service connection for the Veteran's skin condition of the feet and groin, described as "onychomycosis and post-inflammatory hyperpigmentation consistent with history of tinea cruris of the feet and groin," pursuant to a March 2010 Board decision. The Veteran appealed the noncompensable rating. 

Subsequently, the Veteran appealed the ratings assigned in a February 2011 rating decision which granted service connection for PTSD and bilateral hearing loss. In addition, he appealed a December 2011 rating decision that denied service connection for a facial skin condition. In a January 2013 rating decision, the RO granted a 20 percent rating for bilateral hearing loss, effective November 5, 2012, constituting a partial grant of that issue. He requested a Board videoconference hearing, but on the date scheduled for the hearing, it was noted that he withdrew his appeal. However, his written appeal withdrawal only specified the issues of higher ratings for PTSD and bilateral hearing loss, and service connection for a facial skin condition. Thus, it cannot be assumed that the Veteran also wished to withdraw the appeal of the issue of a higher rating for the skin condition of the feet and groin. 

The issue of entitlement to a compensable rating for the skin condition of the feet and groin is addressed in the REMAND portion of the decision below and is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDING OF FACT

On November 8, 2013, prior to the promulgation of a decision in the appeal, the Board received notification from the appellant that a withdrawal of this appeal concerning the issues of entitlement to higher ratings for PTSD and bilateral hearing loss, and entitlement to service connection for a facial skin condition. 


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the appellant of the issues of entitlement to higher ratings for PTSD and bilateral hearing loss, and entitlement to service connection for a facial skin condition, have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. § 20.204 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2002). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2013). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the appellant has withdrawn this appeal with respect to the issues of entitlement to higher ratings for PTSD and bilateral hearing loss, and entitlement to service connection for a facial skin condition and, hence, there remain no allegations of errors of fact or law for appellate consideration as to those issues. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.



ORDER

As to the issue of entitlement to a higher initial evaluation for posttraumatic stress disorder (PTSD), currently assigned a 30 percent evaluation, the appeal is dismissed.

As to the issue of entitlement to a higher initial evaluation for bilateral hearing loss, assigned a noncompensable rating prior to November 5, 2012, and a 20 percent rating effective that date, the appeal is dismissed. 

As to the issue of entitlement to service connection for a facial skin condition, to include pseudofolliculitis barbae, the appeal is dismissed. 


REMAND

As noted above, in November 2013, the Veteran withdrew his appeal as to the issues specified above. However, he did not include the issue of entitlement to an initial compensable rating for onychomycosis and post-inflammatory hyperpigmentation consistent with history of tinea of the feet and groin (which he describes as "jungle rot") in his withdrawal. Review of the file discloses that he appealed the noncompensable rating assigned in an August 2010 rating decision. A statement of the case was furnished in May 2011, and he submitted a substantive appeal, requesting a Board hearing at the local VA office, in June 2011. However, it does not appear that this issue has been certified for appeal.

Rather, a deferred rating decision in October 2012 noted that an appeal was pending for that issue, and in November 2012 he was provided a VA examination of the skin that addressed the issue. After that, review of the paper and electronic files discloses that no further action appears to have been taken by the RO concerning the issue. Thus, the Veteran has yet to receive an opportunity for the requested Board hearing concerning the increased rating claim for onychomycosis, nor has he been provided a supplemental statement of the case, as is required by 38 C.F.R. §§ 19.31, 19.37 (2013). 

In November 2013, a statement from his representative indicated the Veteran wished to withdraw his appeal. However, the written withdrawal provided by the Veteran only listed the issues dismissed above. Indeed, in a statement attached to his February 2013 substantive appeal concerning the issue of service connection for a facial skin condition, the Veteran discussed his "jungle rot," which he distinguished from the facial skin condition by stating that they had begun at about the same time. To safeguard the Veteran's due process rights, it cannot be assumed that he wished to withdraw the appeal of the remaining issue, onychomycosis and post-inflammatory hyperpigmentation consistent with history of tinea of the feet and groin. 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file any additional relevant medical evidence relevant to the claim of entitlement to a compensable rating for onychomycosis and post-inflammatory hyperpigmentation consistent with history of tinea of the feet and groin.

2. Review the issue of entitlement to a compensable rating for onychomycosis and post-inflammatory hyperpigmentation consistent with history of tinea of the feet and groin, for which an appeal was perfected in June 2011, in light of the evidence of record, including a November 2012 VA skin examination. After undertaking any indicated development, adjudicate the issue. 

3. If the decision remains less than a full grant of the benefit sought, ask the Veteran whether he still wishes to appear for a hearing concerning this issue. Take appropriate action, based on his response, to include (unless he withdraws his appeal) furnishing an appropriate supplemental statement of the case to the Veteran and his representative. After affording a period for response, the appeal should be returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




______________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs